UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENMANUEL ISAIAS ERAZO MACHADO,<br><br>        Plaintiff,<br><br>  v.<br><br>DANIEL BOYD, et al.,<br><br>        Defendants. | Case No.  4:24-cv-03525-KAW<br><br>**ORDER GRANTING DEFENDANTS'<br>MOTION TO DISMISS PLAINTIFF'S<br>FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 17 |

On October 16, 2024, Defendants Petaluma Police Department, Daniel Boyd, Prince Nagi, Rony Flores, and Uriel Vazquez filed a motion to dismiss the first amended complaint. (Defs.' Mot., Dkt. No. 17.)

Upon review of the moving papers, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below, GRANTS the motion to dismiss with leave to amend.

## I.    BACKGROUND

On June 11, 2024, Plaintiff Enmanuel Isaías Erazo Machado filed a lawsuit alleging civil rights violations against Defendant Petaluma Police Department and Petaluma Police Officers Daniel Boyd, Prince Nagi, Rony Flores, and Uriel Vazquez. (Dkt. No. 1.)

On April 20, 2023, Plaintiff alleges that he traveled to Sonoma County from Texas to serve his ex-wife with "custody papers to appear in Texas because she fled Texas to hide in California due to the custody process [that] was open…." (First Am. Compl., "FAC," Dkt. No. 15 at 3.) Plaintiff alleges that their two children were staying with his ex-wife in Sonoma County, but Plaintiff attempted to take them back to Texas without the consent of his ex-wife. *See id.*  Plaintiff claims that his attorney in the family custody matter "advise[d]" him that he could take his

1    children and return with them to Texas because of an alleged civil order granting Plaintiff custody

2    of the children and because "California does not have jurisdiction or legal authority under any

3    statu[t]e to retain" Plaintiff or his daughters. *Id.*

4    After receiving a corresponding 911 call regarding a child abduction, Defendants procured

5    an Arrest Warrant for Plaintiff, executed by a judge of the Sonoma County Superior Court.

6    (Defs.' Request for Judicial Notice, "Defs.' RJN," Dkt. No. 17-1, Ex. A.)  The warrant found that

7    probable cause existed to believe that Plaintiff had committed violations of California Penal Code

8    §§ 422(a) (Threaten Crime with Intent to Terrorize), 207 (Kidnapping), 459 (Burglary), and 242

9    (Battery). *Id.*

10    In light of the potential danger to the abducted children, Defendants "pinged" Plaintiff's

11    cell phone to determine his location but did so without a warrant. (*See* FAC at 3.)  The California

12    Highway Patrol ("CHP") then located Plaintiff in Los Banos, California, and arrested him at

13    gunpoint. *Id.*

14    On April 25, 2023, Defendants procured a search warrant to search the contents of

15    Plaintiff's cell phone as part of their investigation, which was also executed by a judge of the

16    Sonoma County Superior Court. (Defs.' RJN, Ex. B.)  The Office of the Sonoma County District

17    Attorney subsequently charged Plaintiff with multiple crimes, but the charges were dismissed at

18    the preliminary hearing. (FAC at 3.)

19    On August 6, 2024, Plaintiff filed the first amended complaint. (First Am. Compl., "FAC,"

20    Dkt. No. 15.)  On August 16, 2024, Defendants filed the instant motion to dismiss. (Defs.' Mot.,

21    Dkt. No. 17.)  On August 18, 2024, Plaintiff filed an opposition. (Pl.'s Opp'n, Dkt. No. 18.)  On

22    August 26, 2024, Defendants filed a reply. (Defs.' Reply, Dkt. No. 21.)  On September 10, 2024,

23    Plaintiff filed exhibits (Dkt. No. 23) without leave of court, so they are stricken and will not be

24    considered in connection with this motion.

## II.    LEGAL STANDARD

### A.    Motion to Dismiss

27    Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based

28    on the failure to state a claim upon which relief may be granted. A motion to dismiss under Rule

United States District Court
Northern District of California

United States District Court
Northern District of California

1    12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250

2    F.3d 729, 732 (9th Cir. 2001).

3            In considering such a motion, a court must "accept as true all of the factual allegations

4    contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation

5    omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or

6    there is an absence of "sufficient factual matter to state a facially plausible claim to relief."

7    *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing

8    *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro*, 250 F.3d at 732) (internal quotation

9    marks omitted).

10           A claim is plausible on its face when a plaintiff "pleads factual content that allows the

11   court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

12   *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more

13   than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

14   do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of

15   a cause of action" and "conclusory statements" are inadequate. *Iqbal*, 556 U.S. at 678; *see also*

16   *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of

17   law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a

18   claim."). "The plausibility standard is not akin to a probability requirement, but it asks for more

19   than a sheer possibility that a defendant has acted unlawfully . . . When a complaint pleads facts

20   that are merely consistent with a defendant's liability, it stops short of the line between possibility

21   and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at

22   557) (internal citations omitted).

23           Generally, if the court grants a motion to dismiss, it should grant leave to amend even if no

24   request to amend is made "unless it determines that the pleading could not possibly be cured by

25   the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations

26   omitted).

27       **B.    Request for Judicial Notice**

28           As a general rule, a district court may not consider any material beyond the pleadings in

3

ruling on a motion to dismiss for failure to state a claim. *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001). A district court may take notice of facts not subject to reasonable dispute that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *United States v. Bernal–Obeso,* 989 F.2d 331, 333 (9th Cir. 1993). "[A] court may take judicial notice of 'matters of public record,'" *Lee*, 250 F.3d at 689 (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading" without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). The court need not accept as true allegations that contradict facts which may be judicially noticed. *See Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

### III.    DISCUSSION

#### A.    Request for Judicial Notice

As a preliminary matter, Defendants asks that the Court take judicial notice of two documents in support of their motion to dismiss. (Defs.' Req. for Judicial Notice, "RJN," Dkt. No. 17-1.) The documents are purportedly true and correct copies of: A) Arrest Warrant, issued by Superior Court of California for the County of Sonoma on April 202, 2023 by Judge Lawrence Ornell for the arrest of Enmanuel I. Erazo-Machado, finding probable cause to believe that Erazo-Machado committed violations of California Penal Code §§ 422(a) (Threaten Crime with Intent to Terrorize), 207 (Kidnapping), 459 (Burglary), and 242 (Battery); B) Search Warrant, issued by the Superior Court of California for the County of Sonoma on April 25, 2023 by Judge Julie Conger for the search of the contents of Plaintiff's cell phone, including data between January 1, 2021, and April 25, 2023. (RJN at 1, Exs. A & B.)

Plaintiff does not oppose the request for judicial notice.

Under Rule 201, facts appropriate for judicial notice are those "not subject to reasonable dispute" in that they are either (1) "generally known within the trial court's territorial jurisdiction"

1   or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably

2   be questioned." Fed. R. Evid. 201(b). Judicial notice may be taken "of court filings and other

3   matters of public record." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).  This

4   includes both arrest warrants and search warrants. *See, e.g., Cooley v. City of Walnut Creek*, No.

5   18-CV-00719-YGR, 2019 WL 1533430, at *2 (N.D. Cal. Apr. 9, 2019) (judicial notice taken of

6   existence of arrest warrant and statement of probable cause and filing date.)

7       Since Exhibits A and B are warrants issued by Sonoma County Superior Court judges, the

8   Court finds that they are properly subject to judicial notice.  Thus, the Court GRANTS

9   Defendants' request for judicial notice.

10      **B.    Motion to Dismiss**

11          **i.    Failure to Satisfy Pleading Standards**

12      Defendants move to dismiss on the grounds that the first amended complaint fails to allege

13  sufficient facts to support any of Plaintiff's claims. (Defs.' Mot. at 6-8.)  Federal Rule of Civil

14  Procedure 8 requires "a short and plain statement of the claim showing that the pleader is entitled

15  to relief." Fed. R. Civ. Pro. 8(a)(2).

16      Here, the operative complaint does not sufficiently identify the purported claims or the

17  actions the Police Department and individual defendants took that were unlawful, which is

18  insufficient to withstand a motion to dismiss under Rule 12(b)(6). *See Twombly*, 550 U.S. at 555.

19  Plaintiff fails to identify which claims are against which defendants.  The Court notes that the only

20  facts pertaining to Defendants Nagi and Vazquez concern their responding to Plaintiff's ex-wife's

21  911 call to report the abduction of her children, and that Vazquez provided Spanish-language

22  translation for the ex-wife. (*See* FAC at 3.)  To the extent that Plaintiff argues that the officers

23  changed the ex-wife's statements by making a false report to Defendant Boyd, Plaintiff does not

24  allege which of the officers made the purported changes. *See id.*  Similarly, Plaintiff does not

25  explain how Defendant Boyd lied to procure the arrest warrant or how he could have lied if he had

26  been provided with a false report by the other officers. As to Defendant Flores, Plaintiff only

27  alleges that "[D]etective [F]lores was instructed [by] [D]etective [B]oyd to ping my phone to get

28  my location and contact CHP … to arrest me in Los Banos[,] California…." *Id.*  As such, the

United States District Court
Northern District of California

1  complaint fails to plead sufficient facts of each defendant's purported wrongdoing to provide fair

2  notice of the claims alleged them and the grounds upon which those claims rest.

3      Accordingly, the first amended complaint is insufficiently pled and must be amended to

4  comply with the *Iqbal-Twombly* pleading standard. The second amended complaint should clearly

5  delineate each legal claim, and state facts indicating the nature and grounds for each claim.

6  Merely incorporating the preceding paragraphs, as Plaintiff has done, is insufficient.  Indeed, each

7  cause of action should clearly state the alleged violation, the statutory authority, who was

8  involved, the relevant facts, and how the claim satisfies the elements rendering it a viable cause of

9  action.

10      Additionally, the second amended complaint must also comport with Rule 10(b) of the

11  Federal Rules of Civil Procedure, such that each paragraph must be separately numbered.

12  Plaintiff's first amended complaint runs afoul of this requirement.

13          **ii.    Claims on the merits**

14      While the claims themselves are not sufficiently pled under *Iqbal-Twombly* and are

15  dismissed for that reason, to assist Plaintiff with amending his complaint, the Court will further

16  address each claim below.

17              a.  *Monell* Claims

18      Defendants seek dismissal of Plaintiff's *Monell* claims. (Defs.' Mot. at 18.)  Specifically,

19  Plaintiff's first and fourth causes of action appear to be asserted against all defendants, including

20  the City of Petaluma. *Id.*

21      A municipality or governmental entity cannot be found liable under 42 U.S.C. § 1983 on a

22  theory of respondeat superior. *Monell v. New York City Dep't of Social Services*, 436 U.S. 658,

23  691 (1978). Rather, in order to hold a municipality liable for a municipal employee's conduct

24  under *Monell*, a plaintiff must show that (1) that the plaintiff "possessed a constitutional right of

25  which [he or she] was deprived; (2) that the municipality had a policy; (3) that this policy amounts

26  to deliberate indifference to the plaintiff's constitutional rights; and, (4) that the policy is the

27  moving force behind the constitutional violation." *Plumeau v. Sch. Dist. No. 40 Cty. of Yamhill*,

28  130 F.3d 432, 438 (9th Cir. 1997) (internal quotation marks omitted). "Only where a

1    municipality's failure to train its employees in a relevant respect evidences a 'deliberate

2    indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a city

3    'policy or custom' that is actionable under § 1983." *City of Canton, Ohio v. Harris*, 489 U.S. 378,

4    388 (1989).

5            Generally, "[p]roof of a single incident of unconstitutional activity is not sufficient to

6    impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an

7    existing, unconstitutional municipal policy, which policy can be attributed to a municipal

8    policymaker." *City of Oklahoma v. Tuttle*, 471 U.S. 808, 823–24 (1985). While "a single incident

9    is ultimately insufficient to establish liability, a plaintiff can survive a motion to dismiss by stating

10   a plausible *Monell* claim based on failure to train, so long as the allegations apply to all

11   individuals that are trained using the policy at issue." *Anakin v. Contra Costa Reg'l Med. Ctr.*, No.

12   16-CV-00161-MEJ, 2016 WL 2893257, at *6 (N.D. Cal. May 18, 2016) (citing *Dasovich v.

13   Contra Costa Cty. Sheriff Dep't*, No. 14-CV-00258-MEJ, 2014 WL 4652118, at *5 (N.D. Cal.

14   Sept. 17, 2014))

15           As Defendants argue, Plaintiff's amended complaint is devoid of any facts to support a

16   *Monell* claim. (*See* Defs.' Mot. at 20.)

17           Thus, all claims against the City are subject to dismissal on this basis.  If Plaintiff cannot

18   adequately allege facts regarding the existence of an unconstitutional policy or custom, he should

19   not name the City as a defendant in the second amended complaint.

20                           b.   First Amendment claim

21           The first cause of action is for a First Amendment violation under 42 U.S.C. § 1983. (FAC

22   at 4.)  While the complaint does not specify which defendants this cause of action is against, it

23   generally alleges that Plaintiff's First Amendment right to familial association was violated. *Id.*

24           Defendants move to dismiss this claim on the grounds that Plaintiff fails to plead any

25   constitutional violations, nor does he identify any facts. (Defs.' Mot. at 9.)  Furthermore,

26   Defendants contend that, as to Plaintiff's right to familial association, he does not state a claim,

27   because he does not allege that "he was engaged in an activity protected under the First

28   Amendment at the time of his arrest and detention (to the contrary, he was actively engaged in the

United States District Court
Northern District of California

7

1  commission of a felony), nor does he allege that his participation in a protected activity was a

2  substantial or motivating factor in Defendants' alleged conduct, or how Defendants' alleged

3  conduct would chill a person of ordinary firmness from continuing to engage in the protected

4  activity." (Defs.' Mot. at 10-11.)  Defendants continue by arguing that "engaging in self-help to

5  enforce an alleged civil custody order, by way of taking Plaintiff's children from his ex-wife

6  without her consent, is not a protected activity under the First Amendment, and Plaintiff can

7  present no authority to the contrary." *Id.* at 11.

8          Plaintiff's opposition fails to address these arguments, or his First Amendment claim at all.

9  (*See* Pl.'s Opp'n at 4.)

10         "The substantive due process right to family or to familial association is well established,"

11  and the state's interference with this liberty interest without due process of law is remediable

12  under section 1983. *Rosenbaum v. Washoe Cnty.*, 663 F.3d 1071, 1079 (9th Cir. 2011) (citation

13  omitted). "To amount to a violation of substantive due process, however, the harmful conduct

14  must shock [ ] the conscience' or 'offend the community's sense of fair play and decency.'"

15  *Rochin v. California*, 342 U.S. 165, 172-73 (1952).  The "shocks-the-conscience" standard is,

16  depending on the circumstances, met either by showing that a defendant (1) acted with "deliberate

17  indifference" or (2) with a "purpose to harm" for reasons unrelated to legitimate law enforcement

18  objectives. *Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008) (*citing Cnty. of Sacramento v.*

19  *Lewis*, 523 U.S. 833, 846 (1998)).

20         Here, the operative complaint is devoid of any allegation that Defendants deprived Plaintiff

21  of his relationship with his children. (*See* FAC at 4.)  Nor does he allege that Defendants took

22  custody of them. *Id.* Defendants responded to a 911 call regarding an alleged kidnapping and

23  promptly procured an arrest warrant supported by probable cause, which does not shock the

24  conscience.  Even so, Plaintiff is permitted leave to amend to allege facts supporting an alleged

25  deprivation of familial association.  If, however, Plaintiff is unable to do so, he is encouraged to

26  not include this claim in his second amended complaint.

27              c.  Second cause of action

28         While not entirely clear from the face of the operative complaint, Plaintiff's second cause

of action appears to be for malicious prosecution. (FAC at 4-5.)  To prevail on a malicious prosecution claim, Plaintiff "must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004) (quoting *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995)).

First, Plaintiff pleads no facts to state a claim for malicious prosecution.  Instead, he merely alleges that he was "detained[,] arrested[,] jailed and maliciously prosecuted based upon a fabricated police report prepared by government agents under the guise of their sworn duty as officer[s] of the law." (FAC at 5.)

Second, malicious prosecution is not a violation of § 1983 or the Fourteenth Amendment. (*See* FAC at 5.)  Rather, it is a state law claim. Thus, "to the extent that Plaintiff is seeking damages for malicious prosecution, he must exhaust his administrative remedies under the California Tort Claims Act, and plead that he has done so." *Zepeda v. Schuld*, No. 4:13-CV-05761-KAW, 2017 WL 1833271, at *6 (N.D. Cal. May 8, 2017).  If Plaintiff has not filed an administrative claim, he cannot bring the cause of action at this time. *Id.*

Thus, Plaintiff fails to state a claim for malicious prosecution.  While this claim has already been dismissed with leave to amend, if Plaintiff cannot allege facts to suggest that Defendants prosecuted him with malice and that he complied with the California Tort Claims Act, he should not include this cause of action in his second amended complaint.

d.  Unlawful Arrest, Search, and Seizure

The third cause of action is for Fourth Amendment violations pursuant to § 1983. (FAC at 5.)  This claim is premised on his alleged unlawful seizure and an alleged unlawful search of his cell phone. *Id.* Specifically, Plaintiff alleges that the "unlawful seizure detention and prolonged detention of Enmanual Erazo by the defendants were without lawful basis reasonable suspicion probable cause or legal warrant or any recognized exception thereto or justification or excuse and were thus unreasonable and in violation of Mr. Erazo fourth amendment right." *Id.* Plaintiff also alleges that the "unlawful search of Mr. Erazo['s] cellphone and separately upon being jailed were without lawful basis reasonable suspicion probable cause or warrant or exception of California

United States District Court
Northern District of California

electronic communication act or any other recognized exception thereto, or justification or excuse and were thus unreasonable and in violation of Mr. Erazo fourth amendment rights." *Id.*

As currently pled, both of these claims are not actionable.  Liability under section 1983 "arises only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  There is no "team liability" under section 1983; a plaintiff cannot hold an officer liable merely because of his membership in a group without a showing of individual participation in the specific alleged unlawful conduct. *Chuman v. Wright*, 76 F.3d 292, 294 (9th Cir. 1996). A plaintiff is required to establish "integral participation" by each officer in order to support an alleged violation against that officer. *Id.* (quoting *Melear v. Spears,* 862 F.2d 1177, 1186 (5th Cir. 1989)); *Jones v. Williams*, 297 F.3d 930, 935 (9th Cir. 2007). Integral participation requires "some fundamental involvement in the conduct that allegedly caused the violation." *Blankenhorn v. City of Orange*, 485 F.3d 463, 481 fn.12 (9th Cir. 2007).

As to the claim for unlawful seizure, there was a valid arrest warrant. (Arrest Warrant, RJN, Ex. A.)  To the extent that Plaintiff alleges that Detective Boyd fabricated his affidavit to obtain the arrest warrant, Plaintiff must explain how Defendants knew the information was wrong at the time the warrant was issued. (*See* FAC at 3.)

As to the claim for unlawful search of his cell phone, Defendants contend that a warrant was not required to "ping" Plaintiff's cell phone due to exigent circumstances. (Defs.' Mot. at 15.) Identifying the location of abducted children is an exigent circumstance. *See U.S. v. Brooks,* 367 F.3d 1128, 1135 (9th Cir. 2004) ("[W]e define exigent circumstances as those circumstances that would cause a reasonable person to believe that entry … was necessary to prevent physical harm to the officers or other persons, the destruction of relevant evidence, the escape of the suspect, or some other consequence improperly frustrating legitimate law enforcement efforts.")  Here, based on Plaintiff's own allegations and admissions, as well as the judicially-noticed Arrest Warrant, the Officers reasonably believed that determining Plaintiff's location via his cell phone "would ensure the safety of a potential kidnapping victim" – the two children Plaintiff took without permission. *See Hill v. City of Fountain Valley*, 70 F.4th 507, 516-17 (9th Cir. 2023) (finding that an "exigent circumstance in investigating a potentially kidnapped woman" justified ordering the suspected

kidnappers' family members out of their home).  Even so, the validity of the warrantless ping is predicated on the validity of the arrest warrant itself.

Thus, Plaintiff must amend the claims for unlawful seizure and unlawful search, but should do so separately, as they are separate alleged violations of the Fourth Amendment.

e.  Conspiracy

Plaintiff's fourth cause of action is for conspiracy pursuant to sections 1983 and 1988. (FAC at 6.)  Civil conspiracy is not an independent cause of action; rather, it is a "mechanism for subjecting co-conspirators to liability when one of their members committed a tortious act." *Beck v. Prupis*, 529 U.S. 494, 503 (2000).  "To survive a motion to dismiss, plaintiff[s] must allege with sufficient particularity that [defendants] reached some exclusive or tacit understanding or agreement ... It is not enough to show that defendants might have had a common goal unless there is a factually specific allegation that they directed themselves toward this by virtue of a mutual understanding or agreement." *Lincoln v. Tuso*, No. 96-1297, 1996 WL 708592, at *6 (N.D. Cal. Dec. 5, 1996) (internal quotations and citation omitted).

In moving to dismiss, Defendants argue that "because Plaintiff has not alleged any violation of his rights by Defendants, Defendants cannot be liable for civil conspiracy." (Defs.' Mot. at 20.)  Given the conclusory nature of Plaintiff's claims, the Court agrees.

Thus, the conspiracy claim must be amended.  In doing so, Plaintiff is advised that he must specifically identify the defendants who allegedly engaged in the conspiracy and the facts that suggest that they came to an agreement. *See Crowe v. Cnty. of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010).

f.  Bane Act (Cal. Civil Code § 52.1)

Plaintiff's fifth cause of action is for violation of the Bane Act, California Civil Code § 52.1. (FAC at 6.)  Defendants move to dismiss this claim on the grounds that it is precluded due to Plaintiff's failure to comply with the claims presentation requirement. (Defs.' Mot. at 21.)

Under the California Tort Claims Act, a suit for money or damages cannot be brought against a public entity or its employee "until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by

United States District Court
Northern District of California

1    the board...." Cal. Gov. Code § 945.4. "A claim relating to a cause of action for ... injury to person

2    ... shall be presented ... not later than six months after the accrual of the cause of action." Cal. Gov.

3    Code § 911.2 (a). This applies only to the causes of action brought under state law, including the

4    common law claims; there is no presentation requirement for claims brought under 42 U.S.C. §

5    1983. *Casey v. City of Santa Rosa*, No. 4:18-cv-07731-KAW, 2019 WL 2548140, at *3 (N.D. Cal.

6    June 20, 2019)

7         Notwithstanding, a claim may be presented after the six-month period has run by "written

8    application ... to the public entity for leave to present that claim." Cal. Gov. Code § 911.4(a). The

9    application shall be presented to the public entity "within a reasonable time not to exceed one year

10   after the accrual of the cause of action and shall state the reason for the delay in presenting the

11   claim." Cal. Gov. Code § 911.4(b).

12        Here, Plaintiff was arrested on April 20, 2023, so his claim would have accrued on that

13   date.  Since the one-year period has run, if Plaintiff did not file a claim by April 22, 2024, all his

14   state law and common law claims would be time-barred absent allegations that would provide a

15   basis for tolling.  Thus, Plaintiff is granted leave to amend, but he should only amend if he timely

16   filed a government claim or can plead allegations sufficient to toll the statute of limitations.  If he

17   cannot do so, he should not amend this cause of action.

18                  g.   California Constitution Art. I

19        While not listed as a cause of action, Plaintiff claims the violation of his rights to

20   happiness, due process, and to protection against unreasonable search and seizure guaranteed by

21   Article I of the California Constitution. (FAC at 6-7.)  While Defendants do not explicitly move to

22   dismiss this claim, it is also subject to dismissal for failure to comply with Rule 8(a)(2). *See*

23   discussion, *supra,* Part III.B.i.  For example, the Court cannot ascertain under which section(s) of

24   Article I he is bringing his claims.  Indeed, not all sections of Article I confer a private right of

25   action. *See Roy v. Cty. of L.A.,* 114 F. Supp. 3d 1030, 1041 (C.D. Cal. 2015) ("sections 7 and 13

26   do not confer private rights of action for [monetary] damages").

27        Accordingly, this unnumbered claim is dismissed with leave to amend.  Should Plaintiff

28   intend on alleging a claim under Article I, his amended complaint must include a numbered claim

United States District Court
Northern District of California

and Plaintiff must specify the Article I section(s) under which he is bringing his claim.

### iii.    Officer Immunity pursuant to California Government Code

Finally, Defendants argue that the Officers are immune from liability pursuant to Government Code sections 820.2 and 821.6, which immunizes them for their discretionary actions and for actions such as reporting or investigating a crime. (Defs.' Mot. at 24.)  Plaintiff does not address this argument or any other in his opposition, so it is considered waived, and motion may be granted as to the officers on this basis.

Nonetheless, since Plaintiff is pro se and his complaint runs afoul of Rule 8, such that he has been granted leave to amend, the Court declines to address this argument.

## IV.    CONCLUSION

For the reasons set forth above, the motion to dismiss is GRANTED in full, with leave to amend.  Plaintiff shall file an amended complaint within 21 days of this order.

In amending his complaint, Plaintiff is not permitted to add new claims or new parties.

IT IS SO ORDERED.

Dated: November 21, 2024

_____
KANDIS A. WESTMORE
United States Magistrate Judge