1

2

3

4                          UNITED STATES DISTRICT COURT

5                          NORTHERN DISTRICT OF CALIFORNIA

6

7    MARTIN REINER,                          Case No. 24-cv-05515-HSG

8              Plaintiff,                     **ORDER GRANTING MOTIONS TO
                                              DISMISS AND GRANTING MOTION
9         v.                                  TO DECLARE PLAINTIFF
                                              VEXATIOUS**
10   PATRICIA GUERRERO, et al.,
                                              Re: Dkt. Nos. 18, 21, 26
11             Defendants.

12

13        Pending before the Court are two motions to dismiss and a motion to declare Plaintiff

14   vexatious.  Dkt. Nos. 18, 21, 26.  The Court finds these matters appropriate for disposition without

15   oral argument and the matters are deemed submitted.  *See* Civil L.R. 7-1(b).  For the reasons

16   detailed below, the Court **GRANTS** the motions.

17   **I.    REQUEST FOR JUDICIAL NOTICE**

18        Defendants have filed requests for judicial notice in support of their motions to dismiss and

19   motion to declare Plaintiff vexatious.  *See* Dkt. Nos. 19, 22, 27.  Specifically, Defendants ask the

20   Court to take judicial notice of various court filings discussed in more detail below.  *Id.*  The Court

21   **GRANTS** Defendants' requests and takes judicial notice of 1) the fact that these cases and

22   documents were filed, and 2) of any judicial findings contained in them.  *See* Fed. R. Evid. 201(b)

23   (allowing judicial notice of facts "not subject to reasonable dispute" that are "generally known

24   within the trial court's territorial jurisdiction" or that "can be accurately and readily determined

25   from sources whose accuracy cannot be reasonably questioned"); *see also United States ex rel.

26   Robinson Rancheria Citizens Council v. Borneo*, 971 F.2d 244, 248 (9th Cir. 1992) (explaining

27   that courts "may take notice of proceedings in other courts, both within and without the federal

28   judicial system, if those proceedings have a direct relation to matters at issue").

1

## II.    BACKGROUND

2

Pro se Plaintiff Martin Reiner initially filed this case in August 2024.  *See* Dkt. No. 1

3 ("Compl.").  This appears to be just one of many attempts by Plaintiff to challenge the validity of

4 underlying state court orders declaring Plaintiff a vexatious litigant and disbarring him from the

5 practice of law in California.

6

As relevant to the case, and as the parties appear to agree, in 2016 a Los Angeles Superior

7 Court judge declared Plaintiff to be a vexatious litigant subject to a prefiling order.  *See* Dkt. No.

8 19, Ex. 3 at 18–23[1]; *see also* Dkt. No. 25 at 18–21.  Under the order, unless represented by an

9 attorney, Plaintiff is "prohibited from filing any new litigation in the courts of California without

10 approval of the presiding justice or presiding judge of the court in which the action is filed."  *See*

11 Dkt. No. 19, Ex. 3 at 21.  The California Supreme Court also suspended and then disbarred

12 Plaintiff from the practice of law in California in 2017.  *See* Dkt. No. 19, Exs. 1 and 2 at 7–16; *see*

13 *also* Dkt. No. 25 at 11–18.

14

Plaintiff argues that these orders were invalid and intended to punish him for uncovering

15 an insurance fraud scheme involving judicial officers and court staff that he discovered while

16 litigating a case before the Workers' Compensation Appeals Board ("WCAB").  *See* Dkt. No. 25

17 at 11–13.  Plaintiff claims that WCAB "contrive[d] several monetary sanctions" and then filed a

18 professional discipline complaint against Plaintiff with the State Bar for willfully disobeying the

19 sanctions orders when Plaintiff  challenged them.  *See id.* at 11–12.  Plaintiff claims that WCAB

20 officials exerted undue influence on the State Bar and California Supreme Court based on

21 preexisting and undisclosed relationships, and the State Bar and California Supreme Court

22 wrongly found Plaintiff had violated California Business and Professions Code § 6103 for

23 willfully disobeying the sanctions orders.  *See id.* at 12–18.  Plaintiff further explains that he

24 sought "redress and relief" in the Los Angeles Superior Court in *Reiner v. Graiwer*, Case No.

25 BC593351 (Los Angeles Super. Ct.).  *See id.* at 18–19.  But he "quickly discerned that the judge

26 assigned to the case, Judge Gregory Alarcon [] was willing to silence [Plaintiff] and the truth," so

27

28 [1] For ease of reference, the Court refers to the PDF pagination of this exhibit unless otherwise
stated.

United States District Court
Northern District of California

1    Plaintiff sought to disqualify him.  *Id.*  Plaintiff contends that Judge Alarcon did not timely

2    respond to the disqualification request and therefore was automatically disqualified from the case.

3    *See id.* at 9–12, 19– 20.  But Plaintiff claims that instead of stepping down, Judge Alarcon

4    wrongly declared him a vexatious litigant.  Plaintiff asserts that the vexatious litigant order was

5    "procured by extrinsic fraud" because the judge relied on cases in which Plaintiff had actually

6    prevailed or that were not yet final.  *See id.* at 9–12, 20–22.

7        For nearly a decade now, Plaintiff has repeatedly and unsuccessfully attempted to relitigate

8    the validity of these orders.  As part of that effort, in 2021 Plaintiff attempted to file a case in the

9    California Supreme Court to vacate its disciplinary orders against him.  *See* Dkt. No. 19, Ex. 4 at

10   36–52.  However, Plaintiff alleges that two deputy clerks with the California Supreme Court

11   wrongly "obstructed" his ability to file this case, and "adjudicated" the case unilaterally "as

12   being nonmeritorious" and "barred by 'finality.'"  *See id.* at 31.  Plaintiff retained counsel and

13   filed suit in 2022 in San Francisco Superior Court against the two clerks and various unnamed

14   "Doe" defendants, in *Reiner v. Ma*, Case No. CGC-22-603692 (San Francisco Super. Ct.).  *See*

15   Dkt. No. 19, Ex. 4.  Plaintiff later amended the complaint to name the Honorable Patricia

16   Guerrero, Chief Justice of California; Jorge Navarrete, Clerk/Executive Officer of the Supreme

17   Court of California; and the California State Bar as Doe defendants.  *See* Dkt. No. 19, Ex. 5 at 73–

18   76.  Plaintiff's counsel later withdrew, and Plaintiff represented himself in that matter pro se.  *See*

19   Dkt. No. 22, Ex. 9 at 99–100.

20       Because Plaintiff was no longer represented by counsel, the defendants moved to dismiss

21   *Reiner v. Ma* under California Code of Civil Procedure § 391.3(b), arguing that the case had no

22   merit and was filed for the purpose of harassment.[2]  *See* Dkt. No. 19, Ex. 6 at 78–95; Dkt. No. 22,

23   Ex. 10 at 102–19.  The court agreed and granted the motions and dismissed the case.  *See* Dkt. No.

24   19, Ex. 8 at 114–16; Dkt. No. 22, Ex. 14 at 198–99.  Rather than appeal these orders directly,

25   Plaintiff filed this case against Justice Guerrero and Mr. Navarette, as well as the attorneys

26

27   ────────────────

28   [2] Section 391.3 provides that if a formerly represented vexatious litigant becomes self-represented, and "the court determines that the litigation has no merit and has been filed for the purposes of harassment or delay, the court shall order the litigation dismissed."  Cal. Civ. Proc. Code § 391.3.

United States District Court
Northern District of California

1    representing the defendants in *Reiner v. Ma*.[3]  Plaintiff contends that Defendants somehow

2    engaged in a conspiracy and violated his constitutional rights by enforcing the prefiling order,

3    which he claims is "null and void," was procured by "extrinsic fraud," and issued by a disqualified

4    judge.  *See, e.g.*, Compl. at ¶¶ 14, 17.  Plaintiff seeks compensatory and punitive damages, as well

5    as injunctive relief requiring Defendants to engage in discovery, provide him a jury trial, and

6    disclose any relationships Defendants have with federal judges as required "as a matter of law

7    and/or professional ethics."  *See id.* at ¶¶ 17, 20.

8        Defendants have moved to dismiss the case and to declare Plaintiff a vexatious litigant in

9    the Northern District of California.  *See* Dkt. Nos. 18, 21, 26.

10   **III.    MOTIONS TO DISMISS**

11       **A.    Legal Standard**

12           **i.    Rule 12(b)(1)**

13       Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss based on the

14   court's lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(b)(1).  "Subject matter

15   jurisdiction can never be forfeited or waived and federal courts have a continuing independent

16   obligation to determine whether subject matter jurisdiction exists."  *See Leeson v. Transam.*

17   *Disability Income Plan*, 671 F.3d 969, 975, n.12 (9th Cir. 2012) (quotation omitted).  The party

18   invoking subject matter jurisdiction has the burden of establishing that such jurisdiction exists.

19   *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

20           **ii.    Rule 12(b)(6)**

21       Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain

22   statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A

23   defendant may move to dismiss a complaint for failing to state a claim upon which relief can be

24   granted under Federal Rule of Civil Procedure 12(b)(6).  "Dismissal under Rule 12(b)(6)

25

26   _____

27   [3] Defendants here include Ellin Davtyan; Kirsten Galler; Rita Himes; and Anik Banerjee ("State Bar Defendants"), as well as the Honorable Patricia Guerrero; Jorge Navarrete; and attorneys

28   Sarah L. Overton and Lindsay N. Frazier-Krane ("Court Defendants").  Plaintiff alleges that he is suing them in their personal capacity as litigants in the *Reiner v. Ma* case, and not in their official or judicial/quasi-judicial capacities.  *See* Compl. at 2–4.

4

appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

Additionally, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted). However, even a "liberal interpretation of a . . . complaint may not supply essential elements of the claim that were not initially pled." *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "[P]ro se litigants are bound by the rules of procedure," *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995), which require "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a).

### B.    Discussion

#### i.    *Rooker-Feldman* Doctrine

Defendants first argue that the Court lacks subject matter jurisdiction over this case because Plaintiff's claims are barred by the *Rooker-Feldman* doctrine. *See* Dkt. No. 18 at 7–11; Dkt. No. 21 at 6–9. Under the *Rooker-Feldman* doctrine, a federal district court has no authority to review state court decisions. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923). The doctrine applies to

United States District Court
Northern District of California

1    "'cases brought by state-court losers complaining of injuries caused by state-court judgments

2    rendered before the district court proceedings commenced and inviting district court review and

3    rejection of those judgments.'" *Mothershed v. Justs. of Supreme Ct.*, 410 F.3d 602, 606 (9th Cir.

4    2005), *as amended on denial of reh'g* (July 21, 2005) (quoting *Exxon Mobil Corp. v. Saudi Basic*

5    *Indus. Corp.*, 544 U.S. 280, 284 (2005)).  "The doctrine bars a district court from exercising

6    jurisdiction not only over an action explicitly styled as a direct appeal, but also over the 'de facto

7    equivalent' of such an appeal." *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012).  To

8    determine whether a plaintiff is bringing such a de facto appeal, the Court must "pay close

9    attention to the *relief* sought by the federal-court plaintiff." *Id.* (quotation omitted) (emphasis in

10   original).  "It is a forbidden de facto appeal under *Rooker–Feldman* when the plaintiff in federal

11   district court complains of a legal wrong allegedly committed by the state court, and seeks relief

12   from the judgment of that court." *Id.* at 777–78 (quotation omitted).  As the Ninth Circuit has

13   recently clarified, "*Rooker-Feldman* applies only when the federal plaintiff both asserts as [his]

14   injury legal error or errors by the state court *and* seeks as her remedy relief from the state court

15   judgment." *See Miroth v. Cnty. of Trinity*, 136 F.4th 1141, 1151 (9th Cir. 2025) (quotation

16   omitted) (emphasis in original).

17         Defendants argue that this case is a de facto appeal because Plaintiff is seeking relief from

18   the Los Angeles Superior Court's vexatious litigant order in *Reiner v. Graiwer* and the San

19   Francisco Superior Court's orders dismissing the *Reiner v. Ma* case. *See, e.g.*, Dkt. No. 18 at 9–

20   11.  Specifically, Defendants urge that Plaintiff yet again argues that the vexatious litigant order is

21   null and void and that Defendants improperly asked the San Francisco Superior Court to enforce

22   the vexatious litigant order and dismiss his case in *Reiner v. Ma*.  *Id.*

23         However, the Ninth Circuit has held that "[t]he existence of a prior state court judgment

24   and a federal plaintiff seeking to relitigate a matter already litigated in state court [are] not

25   circumstances sufficient to invoke *Rooker-Feldman* . . . ." *See Miroth*, 136 F.4th at 1149 (citing

26   *Exxon Mobil*, 544 U.S. at 293).  Here, Plaintiff does not explicitly ask the Court to set aside the

27   vexatious litigant order in *Reiner v. Graiwer* or the dismissals in *Reiner v. Ma*.  In his opposition

28   brief, he directly says that he is *not* seeking such relief.  *See* Dkt. No. 25 at 26; *see also* Dkt. No.

34 at 12–13.  He appears, at least in part, to seek monetary damages for the "monetary worth" of the *Reiner v. Ma* case, which he values at $12,777,800.00, as well as for hourly compensation for "harming [his] mental state" at a rate of $300 per hour per day since July 2024.  *See* Compl. at ¶¶ 17, 20.  To the extent Plaintiff is seeking monetary damages, the *Rooker-Feldman* doctrine does not apply to such claims.  Still, there is some ambiguity in Plaintiff's requested relief.  In the complaint he also seeks "equitable relief" and appears to seek the continuation of the *Reiner v. Ma* case with ongoing discovery and a jury trial.  *See id.* at ¶ 20.  In his opposition brief he also suggests that he is seeking "[c]onfirmation that the subject [vexatious litigant] order . . . was procured by extrinsic fraud" and is somehow null and void.  Dkt. No. 25 at 9, 25–26.  Plaintiff thus appears to be requesting a declaration that the prior orders are null and void.  Any such claims are barred by the *Rooker-Feldman* doctrine.

Plaintiff raises several arguments why the doctrine should still not apply here, *see id.* at 24–27, but the Court is not persuaded.  Plaintiff suggests, for example, that the *Rooker-Feldman* doctrine cannot apply to a "null and void" order" *See id.* at 24–25.  However, in *Rooker* itself, the litigant sought to have a state court decision declared "null and void."  *See* 263 U.S. at 414–16.  "[A] request to declare [a] state court judgment void seeks redress from an injury caused by the state court itself" and is "squarely barred by *Rooker-Feldman*."  *See Henrichs v. Valley View Dev.*, 474 F.3d 609, 614 (9th Cir. 2007).  Plaintiff urges that the extrinsic fraud exception to the *Rooker-Feldman* doctrine applies here too.  *See* Dkt. No. 25 at 26.  "[E]xtrinsic fraud" in this context "is conduct which prevents a party from presenting his claim in court."  *See Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140–41 (9th Cir. 2004) (quotation omitted).  But in the complaint, Plaintiff provides no information about the nature of the alleged fraud and does not allege that he was prevented from presenting his claims in court as a result.  To the extent Plaintiff suggests that Defendants committed extrinsic fraud by citing the vexatious litigant order in seeking dismissal of the *Reiner v. Ma* case, the parties briefed this issue extensively before the San Francisco Superior Court before it dismissed the case.  *See, e.g.*, Dkt. No. 19, Ex. 7 at 97–112.  Plaintiff also urges that the doctrine cannot apply to the San Francisco Superior Court's order dismissing the *Reiner v. Ma* case because Plaintiff filed this case three days before the dismissal was issued in *Reiner v.*

1   *Ma*. *See* Dkt. No. 25 at 25. But as explained above, Plaintiff is clearly challenging the state

2   court's dismissal of *Reiner v. Ma*, even if he filed this case a few days before the dismissal was

3   finalized. *See Marciano v. White*, 431 F. App'x 611, 613 (9th Cir. 2011) ("The fact that [the

4   plaintiff] filed his federal suit before his state court appeals have concluded cannot be enough to

5   open the door for a federal district court to review the state court decisions.").[4]

6          The Court therefore **GRANTS** the motions to dismiss to the extent that part of Plaintiff's

7   requested relief actually includes overturning the vexatious litigant order in *Reiner v. Graiwer* or

8   state court dismissal in *Reiner v. Ma*.

9          ii.     **Collateral Estoppel**

10         Defendants next argue that collateral estoppel bars Plaintiff's claims. *See* Dkt. No. 21 at

11  9–11; Dkt. No. 18 at 12–13. Federal courts are required to give state court judgments the same

12  preclusive effect in federal court as they would have in the state court. *See* 28 U.S.C. § 1738

13  (requiring "full faith and credit" to state court judgments); *Noel v. Hall*, 341 F.3d 1148, 1166–67

14  (9th Cir. 2003). Under California law, collateral estoppel, or issue preclusion, "prohibits the

15  relitigation of issues argued and decided in a previous case, even if the second suit raises different

16  causes of action." *DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 824 (Cal. 2015). "[I]ssue

17  preclusion applies: (1) after final adjudication (2) of an identical issue (3) actually litigated and

18  necessarily decided in the first suit and (4) asserted against one who was a party in the first suit or

19  one in privity with that party." *Id.* at 825. In short, "once an issue has been finally decided

20  against [] a party, that party should not be allowed to relitigate the same issue in a new lawsuit."

21  *Id.* at 827.

22         Here, Defendants point out that in *Reiner v. Ma* Plaintiff argued—as he does here—that the

23  vexatious litigant order was null and void and therefore unenforceable against him because it was

24  allegedly procured by extrinsic fraud and issued by disqualified judge. *See* Dkt. No. 19, Ex. 7 at

25  97–112. The San Francisco Superior Court considered this argument in granting the motions to

26  dismiss in the *Ma* case, and explicitly "reject[ed] Reiner's attempt to collaterally attack the

27

28  _____

[4] As an unpublished Ninth Circuit decision, *Marciano v. White* is not precedent, but may be
considered for its persuasive value. *See* Fed. R. App. P. 32.1; CTA9 Rule 36-3.

United States District Court
Northern District of California

prefiling order." *See id.*, Ex. 8 at 115; Dkt. No. 22, Ex. 14 at 198.  Plaintiff's opposition brief makes this identical argument again, urging that collateral estoppel is inapplicable here because the vexatious litigant order and the San Francisco Superior Court dismissal orders "have each been procured by extrinsic fraud upon the institution of the court and are legally null and void."  *See* Dkt. No. 25 at 27.  But under California law, allegations of "extrinsic fraud" may only prevent the application of collateral estoppel where the fraud prevented the party from actually presenting his case.  *See Hudson v. Foster*, 68 Cal. App. 5th 640, 664–65 (Cal. Ct. App. 2021).  As already discussed above, the complaint does not include any allegations about the supposed extrinsic fraud or how such fraud actually prevented from Plaintiff from presenting his case in *Reiner v. Ma*.  To the contrary:  the record shows that Plaintiff presented his argument that the vexatious litigant order was null and void to the San Francisco Superior Court, and the court simply rejected it.  *See* Dkt. No. 19, Ex. 7 at 97–112; Dkt. No. 22, Ex. 11 at 121–142.

Because he believes that the vexatious litigant order was null and void, Plaintiff appears to argue that any court that disagrees with him and enforces the order is equally culpable, making that court's orders similarly unenforceable.  But litigants may not ignore court orders with which they disagree and "try again" with another court.  The Court finds that collateral estoppel bars Plaintiff's claims and the Court **GRANTS** the motions to dismiss on this basis.

### iii.    Judicial Immunity and Quasi-Judicial Immunity

Even assuming anything remains of Plaintiff's claims, Justice Guerrero and Mr. Navarette argue that they are absolutely immune from liability in this lawsuit.  *See* Dkt. No. 18 at 13–15.  Judges are absolutely immune from civil liability for acts performed in their judicial capacities.  *See Moore v. Brewster*, 96 F.3d 1240, 1243–44 (9th Cir. 1996). Similarly, absolute quasi-judicial immunity applies to court personnel for "administrative tasks if these tasks are judicial in nature and an integral part of the judicial process."  *See In re Castillo*, 297 F.3d 940, 951 (9th Cir. 2002), *as amended* (Sept. 6, 2002) (quotation omitted).

A plaintiff's ability to overcome this immunity is limited.  "A judge will not be deprived of immunity because the action he [or she] took was in error, was done maliciously, or was in excess of his [or her] authority . . . ."  *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978).  Rather, "[t]his

9

immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'" *Moore*, 96 F.3d at 1244 (quoting *Cleavinger v. Saxner*, 474 U.S. 193, 199–200 (1985)). A plaintiff may only overcome judicial immunity if the judge acts outside his or her judicial capacity or acts in the "complete absence of all jurisdiction." *See Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). "[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Id.* at 12 (quoting *Stump*, 435 U.S. at 362); *see also Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001), *as amended on denial of reh'g* (Oct. 11, 2001) (identifying factors relevant to the determination of whether an act is judicial in nature).

Plaintiff attempts to sidestep the application of judicial and quasi-judicial immunity by arguing that he is only suing Justice Guerrero and Mr. Navarette in their personal capacities as litigants in *Reiner v. Ma*, and not for any judicial or quasi-judicial acts. *See* Dkt. No. 25 at 27–28; *see also* Compl. at ¶¶ 5–6. But such artful pleading cannot overcome immunity here. The complaint in this case is premised entirely on *Reiner v. Ma*. Plaintiff alleges that but for Defendants' reference to the vexatious litigant order and the resulting dismissal, Plaintiff would have been entitled to over $12 million and other equitable relief against Justice Guerrero and Mr. Navarette in the *Reiner v. Ma* case. *See* Compl. at ¶¶ 14–18. The merits of Plaintiff's claims and his entitlement to relief in this case, therefore, are entirely premised on his entitlement to relief in *Reiner v. Ma*. But his claims in *Reiner v. Ma* rest entirely on Justice Guerrero's and Mr. Navarette's judicial and quasi-judicial acts: rejecting his motion to vacate the California Supreme Court disciplinary orders. *See* Dkt. No. 19, Ex. 4 at 25–33. Plaintiff even explicitly sued Justice Guerrero "in her administrative capacity" in *Reiner v. Ma*. *See* Dkt. No. 19, Ex. 5 at 73.

The Court finds that Justice Guerrero and Mr. Navarette are immune from liability in this case based on absolute judicial and quasi-judicial immunity, and **GRANTS** the motion to dismiss on this basis.

//

//

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### iv.    *Noerr-Pennington* **Doctrine**

Defendants next argue that the claims against the attorneys—both the State Bar counsel and Justice Guerrero and Mr. Navarette's attorneys—are barred under the *Noerr-Pennington* doctrine. *See* Dkt. No. 18 at 15–17; Dkt. No. 21 at 9–11. "Under the *Noerr–Pennington* doctrine, those who petition any department of the government for redress are generally immune from statutory liability for their petitioning conduct." *See Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 929 (9th Cir. 2006). Although the doctrine arose in the antitrust context, courts have applied it more broadly, including to § 1983 claims. *See id.* at 929–30; *see also Empress LLC v. City & Cnty. of San Francisco*, 419 F.3d 1052, 1056–57 (9th Cir. 2005). The doctrine applies "in the litigation context, not only [to] petitions sent directly to the court in the course of litigation, but also [to] conduct incidental to the prosecution of the suit . . . ." *Sosa*, 437 F.3d at 934 (quotation omitted). Here, Plaintiff is seeking to impose liability on the attorneys for petitioning the San Francisco Superior Court to dismiss the *Reiner v. Ma* case under California Code of Civil Procedure § 391.3, arguing that the case had no merit and was filed for the purpose of harassment. This falls squarely within the *Noerr-Pennington* doctrine.

Plaintiff urges that the doctrine is inapplicable here because the "sham" exception applies. *See, e.g.*, Dkt. No. 25 at 28. The Ninth Circuit has identified several circumstances in which the sham exception may apply in the context of litigation. *See Kottle v. Nw. Kidney Centers*, 146 F.3d 1056, 1060–61 (9th Cir. 1998). Plaintiff appears to argue that the sham exception applies here because Defendants made "intentional misrepresentations to the court." *See id.* at 1060. Such intentional misrepresentations may be considered a "sham" if the "party's knowing fraud upon, or its intentional misrepresentations to, the court deprive the litigation of its legitimacy." *Id.* (quotations omitted). For this exception to apply, Plaintiff must plead facts that permit a plausible inference that Defendants engaged in intentional misrepresentation to the San Francisco Superior Court. And such allegations are subject to a heightened pleading standard under Federal Rule of Civil Procedure 9(b). *See Kearney v. Foley & Lardner, LLP*, 590 F.3d 638, 646–47 (9th Cir. 2009).

But as already discussed at length, the complaint does not contain any such detail about the

nature of the alleged misrepresentation or how it rendered *Reiner v. Ma* illegitimate.  Even construing the complaint liberally, as the Court must at this stage, Plaintiff appears simply to argue that Defendants made intentional misrepresentations by citing the vexatious litigant order in asking the San Francisco Superior Court to dismiss the *Reiner v. Ma* case.  Plaintiff claims the order is "null and void," and presumably believes Defendants should never have cited it at all.  But no court has found the vexatious litigant order unenforceable.  And in any event, the San Francisco Superior Court did not simply rely on the vexatious litigant order in dismissing the case, but rather addressed the merits of Plaintiff's claims.  Plaintiff has not plausibly pled any basis for the sham exception to apply here, and the Court finds that the *Noerr-Pennington* doctrine bars Plaintiff's claims against the attorney Defendants.

*    *    *

Plaintiff's renewed attempt to challenge the vexatious litigant order fails.  The Court **GRANTS** the motions to dismiss.  Dkt. Nos. 18, 21.

## IV.    MOTION TO DECLARE PLAINTIFF VEXATIOUS

Defendants also move to declare Plaintiff a vexatious litigant.  *See* Dkt. Nos. 26, 32. Specifically, Defendants seek an order precluding Plaintiff from filing any new action arising out of (1) the WCAB sanctions order; (2) Plaintiff's suspension or disbarment from the practice of law in California; (3) the vexatious litigant order; or (4) any prior lawsuits that Plaintiff has filed challenging the above decisions.  *Id.*

### A.    Legal Standard

"The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007).  "However, such pre-filing orders are an extreme remedy that should rarely be used."  *Id.*  The Ninth Circuit has cautioned that "[c]ourts should not enter pre-filing orders with undue haste because such sanctions can tread on a litigant's due process right of access to the courts."  *Id.*  At the same time, however, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants."  *Id.* (quotation omitted)

United States District Court
Northern District of California

1    (alteration in original).

2         The Ninth Circuit has adopted a four-factor test to determine whether a pre-filing review

3    order is warranted:  (1) the plaintiff was given adequate notice and an opportunity to oppose the

4    order; (2) there is an adequate record for review; (3) the Court makes substantive findings as to the

5    frivolous or harassing nature of the litigant's actions; and (4) the order is narrowly tailored "to

6    closely fit the specific vice encountered."  *Id.* at 1057–58.  All for requirements are met here.

7         **B.    Discussion**

8         Plaintiff has been given adequate notice of this motion and had an opportunity to respond.

9    *See* Dkt. No. 36.  He filed an opposition brief that the Court has reviewed in detail.  Dkt. No. 36.

10   The Court further finds that there is an adequate record for review.  "An adequate record for

11   review should include a listing of all the cases and motions that led the district court to conclude

12   that a vexatious litigant order was needed."  *Molski*, 500 F.3d at 1059.  Here, the parties appear to

13   agree that Plaintiff has filed nineteen cases, including this one, regarding the California

14   disciplinary actions and the vexatious litigant order.  *See* Dkt. No. 26 at 1–2, & n.1; Dkt. No. 36 at

15   7–8.  Just a small sampling of these cases is sufficient to support the motion to declare Plaintiff

16   vexatious here:

17

18         • As already discussed above, in September 2015 Plaintiff filed a case in Los

19             Angeles Superior Court, in *Reiner v. Graiwer*, Case No. BC593351 (Los Angeles

20             Super. Ct.).  *See* Dkt. No. 27-3, Ex. 35 at 105.  Plaintiff brought the case against

21             over 60 defendants, including several justices of the California Supreme Court;

22             judges of the Los Angeles Superior Court; attorneys from the WCAB case; WCAB

23             judges and employees; and State Bar judges and employees.  *See* Dkt. No. 27-3,

24             Ex. 36 at 107–127.  Plaintiff alleged that the defendants were involved in an

25             ongoing criminal conspiracy, which involved issuing the WCAB sanctions and

26             suspending Plaintiff from the practice of law in California.  *See id.*  Judge Alarcon

27             who presided over the case granted the defendants' special motion to strike under

28

United States District Court
Northern District of California

California's anti-SLAPP statute and declared Plaintiff a vexatious litigant.[5]  *See* Dkt. No. 27-3, Ex. 37 at 129–137.  When Plaintiff failed to post security, the case was dismissed.  *See* Dkt. No. 27-3, Ex. 38 at 138–39.

- In March 2016, Plaintiff filed another case in Los Angeles Superior Court against WCAB and various State Bar judges and their employees, in *Reiner v. Caplan*, Case No. BC613627 (Los Angeles Super. Ct.).  *See* Dkt. No. 27-4, Ex. 46 at 16–31.  Plaintiff similarly alleged that the defendants engaged in "criminal and civil malfeasance" by issuing sanctions against him and suspending him from the practice of law in California.  *See id.*  The court granted the defendants' special motion to strike under California's anti-SLAPP statute and entered judgment in favor of the defendants.  *See* Dkt. No. 27-4, Exs. 47–48 at 33–42.

- In April 2020, Plaintiff filed a case in the United States District Court for the District of Columbia against Chief Justice John Roberts, Justice Elena Kagan, two clerks of the United States Supreme Court, and the California State Bar, in *Reiner v. John Roberts*, Case No. 20-cv-00031 (D.D.C.).  *See* Dkt. No. 27-4, Ex. 50 at 49–120.  Once again, Plaintiff alleged that there was a "conspiracy" among Defendants to deprive him of his law license without due process based on "extrinsic fraud."  *See id.*  Plaintiff challenged the WCAB sanctions as well as his suspension and disbarment from the practice of law in California.  *Id.*  He further argued that he sought relief from these orders in the United States Supreme Court, which wrongfully rejected his filings.  *See id.*  The district court dismissed the complaint as frivolous.  *See* Dkt. No. 27-4, Exs. 51 & 52 at 122–25.

---

[5] Plaintiff was also declared vexatious by the Central District of California in *Reiner v. Graiwer*, Case No. 15-cv-07577, which was removed to federal court and later remanded back to Los Angeles Superior Court.  *See* Dkt. No. 27-2, Ex. 17 at 4; *see also* Dkt. No. 27-1, Ex. 15 at 202–30.

United States District Court
Northern District of California

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- In February 2021, Plaintiff filed a case in the United States District Court for the Southern District of California against multiple defendants, including several present and former justices of the California Supreme Court; judges from the Los Angeles Superior Court, including Judge Alarcon; the California State Bar; and several attorneys, in *Reiner v. Cantil-Sakauye*, Case No. 21-cv-00219-DMS-MSB (S.D. Cal.). *See* Dkt. No. 27-5, Ex. 54 at 2–56. Plaintiff alleged that the defendants had engaged in "criminally illegal racketeering activities" in retaliation against him. *Id.* Specifically, Plaintiff appeared to argue that the justices had wrongfully denied Plaintiff's petitions to review his suspension and disbarment from the practice of law in California. *Id.* In doing so, Plaintiff suggested that the justices had "ratified" the deprivation of his constitutional rights. Plaintiff also challenged the vexatious litigant order and the judges who had denied his motions to vacate that order. *Id.* The district court dismissed the case based on the *Rooker-Feldman* doctrine. *See* Dkt. No. 27-5, Exs. 55 and 56 at 58–68.

- In August 2021, Plaintiff filed another case in the United States District Court for the Southern District of California against, among others, present and former justices of the California Supreme Court, in *Reiner v. Holton*, Case No. 21-cv-01454-DMS-MSB (S.D. Cal.). *See* Dkt. No. 27-5, Ex. 58 at 87–98. Plaintiff again argued that he had been wrongfully suspended and disbarred from the practice of law in California. *Id.* He also argued that the defendants had engaged in a "conspiracy" to violate his rights and retaliate against him through their actions in moving to dismiss *Reiner v. Cantil-Sakauye* and in initiating State Bar proceedings against him for the unauthorized practice of law. *Id.* The district court dismissed the case as to the justices based on absolute judicial immunity. *See* Dkt. No. 27-5, Exs. 59–60 at 103–112. The court also concluded that Plaintiff had failed to state a claim against any of the other defendants. *Id.*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- In December 2021, Plaintiff filed yet another case in the United States District Court for the Southern District of California, in *Reiner v. Navarrete*, Case No. 3:21-cv-02077-LL-MSB (S.D. Cal.). *See* Dkt. No. 27-5, Ex. 62 at 137–180. Plaintiff sued, among others, two deputy clerks for the California Supreme Court, Tayuan Ma and Tom Zhang; present and former justices of the California Supreme Court; and the California State Bar. *See id.* Plaintiff alleged that the defendants were "co-conspirator[s] in a conspiracy of criminal and civil malfeasance." *Id.* Plaintiff alleged that he had been wrongfully suspended and disbarred from the practice of law in California, and that in October 2021 Ms. Ma and Messrs. Zhang and Navarette had wrongfully "obstructed" the filing of his motion to vacate the suspension and disbarment orders and rejected the motion as untimely. *Id.* The district court dismissed the case based on the *Rooker-Feldman* doctrine. *See* Dkt. No. 27-5, Exs. 63–64 at 182–190. The district court denied Plaintiff's repeated motions for reconsideration, Plaintiff appealed the district court's orders, but the Ninth Circuit affirmed the district court. *See Reiner v. Navarette*, Case No. 23-3993 (9th Cir.), Dkt. No. 29.

- As already detailed above, Plaintiff retained counsel and filed suit in December 2022 in San Francisco Superior Court against the same two deputy clerks for the California Supreme Court (Ms. Ma and Mr. Zhang), Justice Guerrero, Mr. Navarette, and the California State Bar, in *Reiner v. Ma*, Case No. CGC-22-603692 (San Francisco Super. Ct.). *See* Dkt. No. 19, Ex. 4; Dkt. No. 19, Ex. 5 at 73–76. Plaintiff argued that the clerks wrongfully "obstructed" his ability to file this case, and "adjudicated" the case unilaterally "as being nonmeritorious" and "barred by 'finality.'" *See* Dkt. No. 19, Ex. 4 at 31. The San Francisco Superior Court dismissed the case as frivolous. *See* Dkt. No. 19, Ex. 8 at 114–16; Dkt. No. 22, Ex. 14 at 198–99.

1    Plaintiff urges that this case is meritorious and that the Court cannot consider his prior

2    cases frivolous or harassing because the merits of the claims were never adjudicated.  *See* Dkt. No.

3    36 at 7–8.  The Court has already explained above that this case is not meritorious.  *See* Section

4    III.B above.  As to the other cases, Plaintiff states that many were dismissed on the basis of the

5    *Rooker-Feldman* doctrine without reaching the merits at all.  *See id.*  But Plaintiff's argument

6    misses the point.  Over the past decade or more, he has continually challenged the same State Bar

7    disciplinary orders and vexatious litigant order, claiming that the orders are "null and void."  He

8    has repeatedly asked federal courts to review these decisions, even after being told that the federal

9    district courts have no authority to review state court decisions under the *Rooker-Feldman*

10   doctrine.  Plaintiff has demonstrated a consistent pattern of disregarding court orders, attributing

11   any adverse rulings against him to a conspiracy or other criminal conduct, and then pursuing

12   further litigation against anyone who disagrees with him.  Plaintiff's cases are both frivolous and

13   have been used to harass the defendants.

14   Plaintiff's opposition to the motion to declare him vexatious further underscores his

15   improper tactics.  Plaintiff states that Defendants' reliance on the vexatious litigant order in this

16   case "is new and further federal criminal malfeasance in violation of Title 18 United States Code

17   Sections 241, 242, 1341, and 1343."  *See* Dkt. No. 36 at 6.  He attaches a letter to his opposition

18   brief that is directed to various U.S. representatives and the Federal Bureau of Investigation.  *See*

19   Dkt. No. 36 at 8, & Ex. 1.  The subject line reads "Complaint of Criminal Public Corruption

20   involving California Supreme Court Justice Patricia Guerrero and her Co-Conspirators," and the

21   body of the letter states that Plaintiff is writing:

23           regarding an ongoing scandal of criminal malfeasance in violation of
             federal law which is occurring in the Northern District of California
24           in which the participants include California Supreme Court Justice
             Patricia Guerrero in her capacity as a litigant in which she, and her
25           co-conspirators are knowingly and willfully using fabricated evidence
             in the form of falsified court records to obstruct and evade justice.

27   *See* Dkt. No. 36 at 8, & Ex. 1.  Plaintiff further states that he is writing so the FBI "immediately

28   arrest[s] and charge[s] each of the participants involved in this criminal conspiracy . . . ."  *Id.*

United States District Court
Northern District of California

Plaintiff also suggests that if this Court disagrees with him—either in granting the motion to dismiss or the motion to declare him vexatious—the Court would thus become "a willing and knowing participant[] in the criminal malfeasance conspiracy of the Defendants . . . ." *See id.* at 6–7. In other words, Plaintiff appears to threaten the Court with a lawsuit and criminal investigation if it does not find in Plaintiff's favor. *Id.* at 6–9.

It is clear that Plaintiff is attempting to bend courts and parties to his will by filing frivolous complaints against all who disagree with him, and that he will continue to do so absent judicial intervention. This is the definition of harassment. The Court therefore **GRANTS** the motion to declare Plaintiff vexatious.[6]

## V.   CONCLUSION

The Court **GRANTS** the motions to dismiss. Dkt. Nos. 18 and 21. Given the nature of the deficiencies identified above, the Court finds that granting leave to amend would be futile. The Court therefore **DISMISSES** the case without leave to amend. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("Leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts, and should be granted more liberally to pro se plaintiffs.") (quotations omitted). The Court further **GRANTS** the motion to declare Plaintiff vexatious in this district. Dkt. No. 26.

The Clerk of this Court may not file or accept without pre-filing approval any further complaint filed by or on behalf of Plaintiff Martin Reiner if the complaint arises out of or relates to (1) the sanctions order issued against Plaintiff in the Worker's Compensation Appeals Board ("WCAB"); (2) Plaintiff's suspension or disbarment from the practice of law in California; (3) the order declaring Plaintiff a vexatious litigant in California state court; or (4) any prior lawsuit filed by Plaintiff that arises from the sanctions order in the WCAB, Plaintiff's suspension or disbarment

---

[6] Defendants suggest that the Court should declare Plaintiff vexatious in this district and in *all* United States District Courts in California. *See* Dkt. No. 26 at 3, 21–22. However, absent some Ninth Circuit authority, the Court questions the legal basis for an order reaching beyond this Court's jurisdiction, especially since Defendants seek an order that would require the Chief Judge of other districts to implement a pre-filing review process. The Court notes that all of the cases Defendants cite are from courts in the Second Circuit, which appears to be the only court of appeals to have considered this question.

1   from the practice of law in California, or the order declaring Plaintiff a vexatious litigant in

2   California state court.

3         If Plaintiff wishes to file a complaint regarding these subjects, he shall provide a copy of

4   any such complaint, a letter requesting that the complaint be filed, and a copy of this Order to the

5   Clerk of this Court.  The Clerk shall then forward the complaint, letter, and copy of this Order to

6   the Duty Judge for a determination whether the complaint should be accepted for filing.  Plaintiff

7   is warned that any violation of this Order will expose him to contempt proceedings and

8   appropriate sanctions, and any action filed in violation of this Order will be subject to dismissal.

9   The Clerk is directed to entered judgment in favor of Defendants and against Plaintiff and to close

10  the case.

11        **IT IS SO ORDERED.**

12  Dated:   6/23/2025

13

14  HAYWOOD S. GILLIAM, JR.
    United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California